IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MSP Recovery Claims, Series LLC, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 20 CV 50056 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Mallinckrodt ARD, Inc., *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' motion to compel Plaintiffs to produce documents in the possession of numerous third parties who have assigned their rights to litigate this case to Plaintiffs. The matter has been fully briefed, and the Court heard oral argument on the motion on March 6, 2020. For the reasons stated below, the Court grants Defendants' motion [349].

**STATEMENT**

The instant action arises out of Plaintiffs MSP Recovery Claims, Series LLC, MAO-MSO Recovery, II, LLC, Series PMPI, and MSPA Claims 1, LLC's allegations that Defendants Mallinckrodt PLC, Mallinckrodt ARD, Inc., Express Scripts Holding Company, Express Scripts, Inc., Curascript, Inc., and United Biosource Corp. have violated various federal and state antitrust statutes and consumer-protection laws by artificially inflating the price of the drug Acthar.[1] As a result, Plaintiffs allege that certain third-party payors that provide Medicare benefits to their beneficiaries were forced to pay inflated prices for Acthar. Various of these third-party payors have assigned their rights to recover for this alleged over payment to Plaintiffs.

On January 6, 2020, Defendants served their first set of requests for production of documents on Plaintiffs. In those requests, Defendants defined "control" over the requested documents to include "[d]ocuments in the possession of an Assignor." Defendants' Motion, Ex. B at 3, Dkt. 290-2. On February 5, 2020, Plaintiffs served their responses. Plaintiffs objected to the

---

[1] On March 23, 2020, Judge John Z. Lee dismissed Plaintiffs' amended complaint without prejudice and allowed Plaintiffs leave to file a second amended complaint. Dkt. 320.

requests to the extent they called for information in the possession of its assignors, alleging that they do not have possession, custody or control over such documents.[2]

Federal Rule of Civil Procedure 34 requires parties to produce documents "in the responding party's possession, custody, or control." Fed R. Civ. P. 34(a)(1). The concept of control is construed broadly. *See, e.g., Munive v. Town of Cicero*, No. 12 C 5481, 2016 U.S. Dist. LEXIS 182159 (N.D. Ill. Oct. 14, 2016); *SRAM, LLC v. Hayes Bicycle Group, Inc.*, No. 12 C 3629, 2013 U.S. Dist. LEXIS 173798 (N.D. Ill. Dec. 10, 2013). "[I]t is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test *is* whether the party has the legal right to obtain them." *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) (internal quotation marks and citation omitted) (emphasis in original). The "party seeking production of documents bears the burden of establishing the opposing party's control over those documents." *Camden Iron & Metal Inc. v. Marubeni America Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991).

Defendants advance two arguments in support of their position that Plaintiffs have control of the requested documents in the possession of the assignors. First, they argue that each of the 25 assignors entered into contractual agreements ("Assignment Agreements") with Plaintiffs wherein they either: (1) provided Plaintiffs with a right to obtain documents from the assignors that are necessary to pursue the assigned claims; or (2) transferred ownership of such documents to Plaintiffs. Defendants specifically identify the language from each Assignment Agreement that supports their assertion. *See* Defendants' Motion at 2-8, Dkt. 290.[3] Second, Defendants argue that even if the language of the Assignment Agreements do not provide Plaintiffs with "control" over the requested documents, concepts of equity and fairness should be invoked to require the assignees to turn over the requested documents to Plaintiffs.[4] Because this Court agrees that the

---

[2] Defendants originally filed their motion relating to this issue on March 2, 2020 and argued the motion before this Court on March 6, 2020. Dkts. 290, 308. Defendants later withdrew the motion, citing the lack of an operative complaint and burdens relating to the pandemic. Dkts. 326, 331. Defendants recently renewed their request by filing the instant motion on June 17, 2020. Dkt. 349.

[3] Following oral argument, the Court was provided with full copies of each of the 25 Assignment Agreements. Dkt. 358.

[4] Defendants cite to numerous courts that have ruled that a party asserting assigned claims has an obligation to obtain documents from assignors in discovery, regardless of the language in the assignment agreement. *See* Defendants' Motion at 11-12, Dkt. 290. This list includes one Northern District of Illinois case which held that "it would be both logically inconsistent and unfair to allow the right to sue to be transferred to assignees of a debt free of the obligations that go with litigating a claim, as that would shift [] onto defendants the cost of third-party discovery, where the third-parties are the very institutions asserting that they were defrauded." *National Council on Compensation Insurance, Inc. v. American International Group, Inc.*, No. 07 C 2898, 2007 U.S. Dist. LEXIS 91518, at *15 (N.D. Ill. Dec. 11, 2007) (internal quotation marks and citation omitted). The Seventh Circuit does not appear to have addressed this issue. As set forth above, because the Court finds that the Assignment Agreements contractually obligate the assignors to turn over the requested documents to Plaintiffs it need not decide whether equitable considerations also warrant granting Defendants' motion.

2

Assignment Agreements give Plaintiffs the legal right to obtain the requested documents, it need not decide the equitable argument.

"Courts have routinely held that a party controls records within the meaning of the rules of discovery if it has a contractual right to access those records." *Pine Top Receivables of Ill., LLC v. Banco de Seguros Del Estaado*, No. 12 C 6357, 2013 U.S. Dist. LEXIS 100297, at *7 (N.D. Ill. July 18, 2013) (collecting cases); s*ee also Williams v. Angie's List, Inc*., No. 1:16-cv-00878-WTL-MJD, 2017 U.S. Dist. LEXIS 54270, at *7 (S.D. Ind. Apr. 10, 2017) ("[T]he Seventh Circuit has embraced the prevailing definition of 'control' as 'a legal right to obtain,' a standard which is "certainly broad enough to encompass a contractual right to obtain documents.") (quoting *Thermal Design Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 838-39 (7th Cir. 2014)) (collecting cases). Based on a review of each of the 25 Assignment Agreements at issue here, the Court agrees that Plaintiffs have a contractual right to access records necessary to pursue the assigned claims or, in some instances, legal ownership of such documents.

Plaintiffs agree that six of the Assignment Agreements confer upon Plaintiffs the legal right to obtain documents from Plaintiffs' assignors.[5] With regard to the remaining Assignment Agreements, Plaintiffs argue that Defendants' position that those agreements confer upon Plaintiffs the legal right over the documents is "tenuous at best." Plaintiffs' Response at 8, Dkt. 304. Plaintiffs point to only one Assignment Agreement in support of their position. They allege that the Assignment Agreement between Plaintiff and Hygea Health Holdings merely references the obligation by the assignor to supply documents that substantiate the assignor's representations, warranties and covenants as opposed to enshrining an explicit legal right by Plaintiffs to obtain categories of documents sought by Defendants. The Court disagrees with Plaintiffs' restrictive reading of the Assignment Agreement. Article 1 of the agreement entitled "Irrevocable and Absolute Assignment of Claims" states:

> Client hereby irrevocably assigns, transfers, conveys, sets over and delivers to MSP Recovery, or its assigns, any and all of Client's right, title, ownership and interests in and to all rights and entitlements, and all information and data used to

---

[5] Those agreements relate to assignments from Health First Health Plans, Fallon Community Health Plan, Family Physicians Group, Medical Consultants Mgmt., SE Primary Care and SummaCare. Defendant's Motion at 8-9, Dkt. 290. The operative language in those assignments is:

> Client hereby irrevocably assigns, transfers, conveys, sets over and delivers to MSP Recovery, and any of its successors and assigns, any and all of Client's right, title, ownership and interest in and to all documents relating to the Assigned Claims (the "Assigned Documents"). The Documents include, but are not limited to, those documents listed on Schedule A to the attached.

*See, e.g.*, Fallon Community Health Plan Assignment Agreement at 5, Dkt. 358-21; *see also* Dkts. 358-24, 358-25, 358-26, 358-27, 358-28.

> pursue and/or recover monies for Client that Client has, may have had, or has asserted against any party including, but not limited to, primary payors and/or third parties that may be liable to Client arising from or relating to the Assigned Claims.

Hygea Health Holdings Assignment Agreement at 3, Dkt. 358-7.

This language is not limited to information concerning representations and warranties made in the Assignment Agreement but applies to all information and data used to pursue and/or recover monies for the client. The second provision cited by Plaintiffs does appear in Section 1.2 entitled "Client's Representations, Warranties and Covenants" and states:

> Client agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action as MSP Recovery may reasonably request in order to effectuate the intent and purposes of, and to carry out the terms of, this Assignment of Claims.

Hygea Health Holdings Assignment Agreement at 4, Dkt. 358-7.

This language is also quite broad and is not limited to information relating to the client's representations and warranties but extends to all documents Plaintiffs may request in order to carry out the terms of the assignment. Thus, pursuant to this Assignment Agreement Plaintiffs have the legal right to obtain those documents necessary to litigate its claims against Defendants and those documents necessarily include documents sought in discovery.

As for the remaining Assignment Agreements, Plaintiffs make no response to the specific language Defendants contend gives Plaintiffs control over the requested documents. Specifically, they do not argue how or why the cited language does not give control over those documents to Plaintiffs. Moreover, the Court has reviewed the language contained in the six Assignment Agreements that Plaintiffs concede confer control over the requested documents and compared that language to the remaining Assignment Agreements. The remaining Assignment Agreements have similar or more expansive language regarding control or title over the documents necessary to pursue the assigned claims, and Plaintiffs offer no argument or explanation to the Court as to why they believe those six Assignment Agreements confer control while the remaining agreements do not.[6] As such, Defendants have carried their burden of proof on this issue.

---

[6] For example, many of the Assignment Agreements contain one or both of the following clauses, and even when the language differs slightly, the difference is not material:

> Client hereby irrevocably assigns transfers, conveys, sets over and delivers to MSP Recovery, or its assigns, in perpetuity, any and all of Client's right, title, ownership and interest in and to all rights and entitlements, and all information and data used to pursue and/or recover monies for Client that Client has, may have had, or has asserted against any

Finally, Plaintiffs urge this Court to follow the ruling of Magistrate Judge Alexander F. MacKinnon in *MAO-MSO Recovery II, LLC v. Mercury Gen., Corp.*, No. 17-cv-02525-AB (AFMx), 2019 U.S. Dist. LEXIS 113095 (C.D. Cal. May 10, 2019). Plaintiffs contend that Judge MacKinnon refused to make a finding that the requested documents were in the possession, custody or control of some 80 assignors and instead ordered the parties to further meet and confer regarding ways to obtain documents from the assignors. However in *MAO-MSO Recovery*, the parties did not raise the question of whether the terms of any assignment agreement granted the plaintiffs the legal right to obtain documents from the assignor, the court was not provided with the assignment agreements and the defendant did not allege that the plaintiffs had legal control over the requested documents in the possession of the assignors. *Id.* at *8. That is not the case here. The Court has been provided with the relevant agreements, Defendants have argued that those agreements provide legal control over the requested documents and Plaintiffs have not set forth specific arguments as to why the cited language is not sufficient to give them legal control of the documents.

Because the Assignment Agreements confer upon Plaintiffs the contractual right to obtain documents from assignors necessary to pursue the assigned claims, Plaintiffs have "control" of such documents and must produce documents responsive to Defendants First Request for Production of Documents that are in the possession of the assignors.[7]

Date: July 2, 2020      By: /s/ Lisa A. Jensen
                         Lisa A. Jensen
                         United States Magistrate Judge

---

party including, but not limited to, primary payors and/or third parties that may be liable to Client arising from or relating to the Assigned Claims.

\* \* \*

Client agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such actions as MSP Recovery may reasonably request in order to effectuate the intent and purposes of, and to carry out the terms of, this Assignment of Claims.

*See, e.g.*, Alianza Profesional de Cuidada Medico Assignment Agreement at 3-4, 5, Dkt. 358-20; *see also* Dkt. 358.

[7] Both sides agree that they seek a ruling only on the issue of whether Plaintiffs have "possession, custody, or control" of the requested documents in the possession of the assignors. They have not asked the Court to rule on any other objection raised by Plaintiffs, and thus, the Court will not address those objections.