# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| CITY OF ROCKFORD,<br>      Plaintiff,<br> v.<br>MALLINCKRODT ARD INC., *et al.*,<br>      Defendants. | Case No. 3:17-cv-50107<br>District Judge Iain D. Johnston<br>Magistrate Judge Lisa A. Jensen |
| MSP RECOVERY CLAIMS, SERIES LLC, *et al.*,<br>      Plaintiffs,<br> v.<br>MALLINCKRODT ARD INC., *et al.*,<br>      Defendants. | Case No. 3:20-cv-50056<br>District Judge Iain D. Johnston<br>Magistrate Judge Lisa A. Jensen |

## **PARTIAL JOINT STATUS REPORT**

Pursuant to this Court's Minute Entry Order dated October 12, 2021 (ECF No. 563), MSP Recovery Claims, Series LLC, MAO-MSO Recovery II, LLC, Series PMPI, a designated series of MAO-MSO Recovery II, LLC, and MSPA Claims 1, LLC (collectively, the "MSP Plaintiffs,"), Mallinckrodt ARD Inc. and Mallinckrodt plc (the "Mallinckrodt Defendants") and Express Scripts Holding Co., Express Scripts, Inc., CuraScript, Inc., Accredo Health Group, Inc., and United BioSource LLC (f/k/a United BioSource Corp.) (the "Express Scripts Entities") hereby submit the following joint status report concerning the status of Defendant Mallinckrodt's Chapter 11 bankruptcy proceedings pending in the U.S. Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), *In re Mallinckrodt plc., et al.*, Case No. 20-12522 (JTD) (Bankr. D. Del.) (the "*Bankruptcy Proceedings*").

Each party has been aware that this joint statement was due per the Court's order of October 12, 2021, and each party is responsible for preparing their own portion of the submission.

Nevertheless, as a courtesy, the Express Scripts Entities took the laboring oar to prepare and circulate a shell of the filing and defendants' draft insert for today's status report to counsel for the parties at 11:16 AM CST. Five counsels of record for City of Rockford ("Rockford") were copied with this circulation but one was inadvertently omitted. Counsel for Rockford notified the parties of the omission at 2:17 PM CST, noted that he had been in a hearing, and stated Rockford would need a 24 hour extension to prepare their insert for the joint status report. The Express Scripts Entities apologized for the oversight and Defendants noted they would not oppose Rockford seeking an extension. Having not seen such a request for an extension filed, we are filing the current draft out of an abundance of caution. The submission is, in substance, the same as that filed on Tuesday with Judge Jensen in the related Law Enforcement Health Benefits, Inc. ("LEHB") matter, *LEHB v. Welch, et al.*, Case No. 3:21-cv-50215, (N.D. Ill), which counsel for the Rockford joined as counsel for LEHB.[1]

1. **MSP's Statement**

In terms of the status of the bankruptcy court proceedings, the MSP Plaintiffs have nothing additional to add herein.

2. **Defendants' Statement**

***Status of Plan Confirmation, the Automatic Stay and Preliminary Injunction***. Mallinckrodt's Chapter 11 plan confirmation hearing is ongoing and expected to conclude in December 2021. The plan of reorganization has not yet been confirmed. The automatic stay remains in place, and Rockford's motion for relief from that stay has been taken "off the calendar . . . until after confirmation," *see* Ex. 1, Sept. 8, 2021 Hr'g Tr. at 38:14-16, to be "heard on a date

---

[1] The Defendants shared this paragraph with the City of Rockford and offered to file as late as 10 PM EST in order to accommodate the City of Rockford. Defendants did not receive a response from the City of Rockford.

TBD." *See Bankruptcy Proceedings*, ECF No 4191. Likewise, the Bankruptcy Court recently entered an order, pursuant to Section 105 of the Bankruptcy Code, extending the Preliminary Injunction Order "for the period through and including February 28, 2022." *See Mallinckrodt plc v. State of Connecticut et al.*, Case No. 20-50850, ECF No. 294 ¶ 2. Attached hereto as Ex. 2.

***Status of Related Proceedings***. Several issues relevant to these actions are now pending and/or have otherwise been decided by Judge Dorsey, as previewed for this Court in the parties' October 1, 2021 Joint Status Report, *Rockford*, ECF No. 562; *MSP*, ECF No. 406; August 23, 2021 Joint Status Report, *Rockford*, ECF No. 556 at 7-8; Mallinckrodt's motions to transfer, *Rockford*, ECF No. 534 at 7-11; *MSP*, ECF No. 476 at 7-11; and the Express Scripts Entities' March 29, 2021 Position Paper, *Rockford*, ECF No. 550 at 16-17, 19-20.

*First*, between Phase I and Phase II of Mallinckrodt's Chapter 11 plan confirmation hearing, the Bankruptcy Court held a bench trial concerning post-petition administrative claims brought by another group of Acthar plaintiffs (the "Acthar Insurance Claimants") alleging that Mallinckrodt's acquisition of Synacthen violated the antitrust laws and that Mallinckrodt's Acthar marketing and patient assistance program violated various state and federal laws, including RICO. *Rockford*, ECF No. 562 at 7-8. Between November 8 and November 19, 2021, Judge Dorsey heard testimony from numerous fact and expert witnesses and admitted hundreds of documents into evidence to decide the merits of these claims. On December 6, 2021, Judge Dorsey issued a thorough opinion in the case, dismissing all the Acthar Insurance Claimants' administrative claims, specifically holding that there was no evidence that Mallinckrodt's acquisition of Synacthen violated the antitrust laws. The Court likewise held that there was no evidence that the marketing and sale of Acthar violated RICO. *See Bankruptcy Proceedings*, ECF No. 5697, Dec. 6, 2021, Minute Entry. The Defendants will provide the Court with a copy of the written opinion when it

is issued by the Bankruptcy Court. The Defendants also will brief the impact of these findings on the instant proceeding when the stay is lifted.

*Second*, on October 13, 2021, Mallinckrodt initiated a two count adversary proceeding against the Rockford and 56 others (including LEHB) (collectively, the "Ad Hoc Acthar Group" or "AHAG"), *Mallinckrodt PLC, et al., v. The International Union of Operating Engineers Local 542*[2], Adv. Pro. No. 21-51182 ("*Adversary Proceeding*") seeking a declaratory judgement that the exclusive nature of an updated distribution agreement between Mallinckrodt and CuraScript SD Specialty Distribution does not violate the Sherman Act ("Count One"), and objecting to proofs of claims filed by Rockford and others against Mallinckrodt asserting that exclusive distribution under a prior version of the agreement violates section 1 or 2 of the Sherman Act ("Count Two"). Count Two will require the Bankruptcy Court to evaluate whether the Acthar exclusive distribution agreement between Mallinckrodt and CuraScript SD Specialty Distribution that has been in place since 2007 violates Section 1 or Section 2 of the Sherman Act. Count Two addresses the same exclusive distribution agreement and exclusive distribution relationship that likewise has been challenged as a violation of the Sherman Act by the Rockford in this case. Count Two is a core proceeding in the bankruptcy (as an objection to proofs of claim filed by the Acthar claimants in Mallinckrodt's chapter 11 case). Count One seeks a finding that the Debtors and Reorganized Debtors will not violate Section 1 of 2 of the Sherman Act by continuing with essentially the same agreement post-emergence.

Two of the AHAG members, Rockford and Teamsters Local 830 Health & Welfare Fund ("Teamsters") (collectively, the "Responding Defendants") moved to dismiss the *Adversary*

---

[2] The defendants to the *Adversary Proceeding* are, collectively, the "Ad Hoc Acthar Group" or "AHAG."

*Proceeding* on November 9, 2021. Judge Dorsey heard arguments on the motion to dismiss on December 1, 2021. Following the hearing, the Court requested additional briefing on issues related to the Court's subject matter jurisdiction over Count One, but otherwise instructed that "the case should move forward on Count 2 . . . because Count 2 is definitely not going to be dismissed." Dec. 1, 2021 Hr'g Tr. at 61:18-21 (attached hereto as Ex. 3). Rockford and Teamsters have argued that the Responding Defendants will be forced to add the Express Scripts Entities to the *Adversary Proceeding*. *Adversary Proceeding*, ECF No. 20 at 30-31. The Defendants understand that the Responding Defendants will respond to the complaint and join necessary parties by December 10, 2021. Ex. 3 at 62:21-23.[3]

*Third*, AHAG has filed an objection to Mallinckrodt's second amended joint plan of reorganization, arguing that: Mallinckrodt plans "to continue the antitrust scheme and conspiracy with Express Scripts, that five (5) difference courts all found to be plausible, to pass muster under the stringent pleading standards of federal and state courts. Having lost its motions to dismiss these claims against it in pre-petition rulings, Mallinckrodt filed for bankruptcy to circumvent these courts and their eventual rulings adjudicating the wrongful of its conduct. The S[econd] A[mended] P[lan] seeks to fulfill the original plan of the Debtors and RSA parties, now fully revealed, to have this Court approve a plan which advances price fixing conduct forbidden by law." *Bankruptcy Proceedings*, ECF No. 5686 at 19. AHAG also claims that "Debtors' amended Plan, introduced in late September, subjected [the Bankruptcy Court's] determination of feasibility to resolution of three antitrust cases filed by AHAG members Rockford, Plumbers Local 322 and

---

[3] On December 3, 2021, Mallinckrodt filed a request for entry of default and a motion for default against numerous defendants in the Adversary Proceeding, including LEHB, for their failure to respond to the complaint. *Adversary Proceeding*, ECF No. 52, ECF No. 53. On December 6, 2021, the clerk filed an entry of default, *Id.*, ECF No. 55, and the motion for default judgment remains pending.

Acument. As a result, AHAG has argued that Mallinckrodt's Second Amended Plan's success hinges on the Bankruptcy Court "'evaluat[ing] the possible impact of the debtor's ongoing civil litigation.' [] The [Second Amended Plan] is thus infeasible." *Id*. at 20. Thus, Rockford and counsel for Rockford continue to put issues relevant to the instant (stayed) proceedings before the Bankruptcy Court, the result of which may be potentially relevant to the instant proceedings.

*Finally*, as a result of the above developments, discovery is proceeding, and will continue to proceed, in the Bankruptcy Court about the merits of these various issues. To date, that discovery has resulted in the production of thousands of documents, the taking of numerous depositions, exchanging of expert reports, and a two-week evidentiary hearing, among other developments. Counsel for Rockford has also recently served Mallinckrodt with 25 interrogatories, 37 notices of deposition and 260 requests for production and filed a notice of intent to serve discovery on the Express Scripts Entities and 20 other parties in connection with the *Adversary Proceeding* and the merits of Plaintiffs' claims in the Bankruptcy Court and here.

Dated: December 9, 2021                                    Respectfully submitted,


*/s/ Eric C. Lyttle*
Michael J. Lyle, Esq. (ARDC #6199227)
Eric C. Lyttle, Esq. (*pro hac vice*)
Ethan C. Glass, Esq. (*pro hac vice*)
Meghan A. McCaffrey, Esq. (*pro hac vice*)
J. Matthew Hamann, Esq. (*pro hac vice*)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
ethanglass@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
matthewhamann@quinnemanuel.com


Jan H. Ohlander, Esq. (ARDC #3124934)
*jho@renozahm.com*
RENO & ZAHM, LLP
2902 McFarland Rd., Suite 400
Rockford, IL 61107
Tel: (815) 987-4050
Fax: (815) 987-4092

*Attorneys for Defendants Express Scripts, Inc., Express Scripts Holding Co., Accredo Health Group, Inc., CuraScript, Inc. d/b/a CuraScript SP Specialty Pharmacy, and United BioSource LLC (f/k/a United BioSource Corp.)*

*/s/ David M. Hundley*
David M. Hundley
**PENDLEY, BAUDIN & COFFIN, LLP**
1100 Poydras St Ste 2225
New Orleans, LA 70163
(504) 355-0086
dhundley@pbclawfirm.com

7

*Counsel for MSP Recovery Claims, Series LLC, MAO-MSO Recovery II, LLC, Series PMPI, and MSPA Claims 1, LLC*

/s/ *Sonia K. Pfaffenroth*
Matthew M. Wolf (*pro hac vice*)
Laura S. Shores (*pro hac vice*)
Sonia K. Pfaffenroth (*pro hac vice*)
Michael B. Bernstein (*pro hac vice*)
Ryan Z. Watts (*pro hac vice*)
Adam M. Pergament (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
matthew.wolf@arnoldporter.com
laura.shores@arnoldporter.com
sonia.pfaffenroth@arnoldporter.com
michael.b.bernstein@arnoldporter.com
ryan.watts@arnoldporter.com
adam.pergament@arnoldporter.com

D. Eric Shapland (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
(213) 243-4000
eric.shapland@arnoldporter.com
*Counsel for Mallinckrodt ARD LLC (formerly known as Mallinckrodt ARD Inc.) and Mallinckrodt plc*

Joel M. Huotari
**WILLIAMS MCCARTHY LLP**
120 West State St.
P.O. Box 219
Rockford, IL 61105-0219
(815) 987-8982
jhuotari@wilmac.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Eric C. Lyttle*
Eric C. Lyttle (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
ericlyttle@quinnemanuel.com
