UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC; SERIES PMPI, a designated series of MAO-MSO RECOVERY II, LLC; and MSPA CLAIMS 1, LLC, <br><br> Plaintiffs, <br><br> MALLINCKRODT ARD INC.; MALLINCKRODT PLC; EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS HOLDING COMPANY; CURASCRIPT, INC. d/b/a CURASCRIPT SPECIALTY PHARMACY; and UNITED BIOSOURCE CORPORATION, LLC, <br><br> Defendants. | Case No.: 3:20-cv-50056 <br><br> Honorable Iain D. Johnston, District Judge <br><br> Honorable Lisa A. Jensen, Magistrate Judge |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A
THIRD AMENDED COMPLAINT AND TO SUBSTITUTE PLAINTIFFS**

Plaintiffs MSP Recovery Claims, Series LLC, Series PMPI, a designated series of MAO-MSO Recovery II, LLC, and MSPA Claims 1, LLC, respectfully request the Court grant Plaintiffs' Motion for Leave to File a Third Amended Complaint ("TAC") and Substitute Plaintiffs (hereinafter "Motion"). Plaintiffs' proposed Third Amended Complaint streamlines the fact and discovery issues between the parties, takes into account developments in applicable law during the prolonged Mallinckrodt bankruptcy and stay, and addresses the party alignment standing argument that Defendants previously raised. In further support of their Motion, Plaintiffs state as follows.

**BACKGROUND**

Plaintiffs initially filed this action in the Central District of California on October 30, 2017, and the case was subsequently transferred to the Northern District of Illinois on January 18, 2018.

1

(ECF No. 54). On January 25, 2019, Judge Kapala dismissed Plaintiffs' complaint without prejudice for lack of prudential and antitrust standing. (ECF No. 154). Plaintiffs filed their First Amended Complaint on April 10, 2019 (ECF No. 165) which was dismissed without prejudice with leave to amend by Judge Lee on March 23, 2020, for lack of antitrust standing. (ECF No. 320). Plaintiffs filed their Second Amended Complaint ("SAC") on July 2, 2020. (ECF No. 361). Defendants filed two motions to dismiss on August 14, 2020 (ECF Nos. 408, 412) to which Plaintiffs filed a joint opposition on September 23, 2020. (ECF No. 439).

On October 12, 2020, Defendants Mallinckrodt ARD LLC f/k/a Mallinckrodt ARD Inc. and Mallinckrodt plc (collectively "Mallinckrodt Defendants") filed a Suggestion of Bankruptcy. (ECF No. 450). Defendants Express Scripts, Inc., Express Scripts Holding Co., CuraScript, Inc., and United BioSource LLC (collectively "Express Scripts Defendants") filed a reply in support of their motion to dismiss on October 14, 2020. (ECF No. 452). In light of the automatic bankruptcy stay as to the Mallinckrodt Defendants, the Court suspended all court-imposed deadlines and ordered the parties to submit position papers regarding a concurrent stay against the Express Scripts Defendants. (ECF No. 454). On December 4, 2020, the bankruptcy court enjoined Plaintiffs from proceeding against the Express Scripts Defendants. As a result, on December 8, 2020, the Court stayed the case and all pending motions, including the Defendants' motions to dismiss, were stricken without prejudice to refiling when the stay is lifted. (ECF No. 474). The bankruptcy preliminary junction was extended numerous times and the bankruptcy court ultimately enjoined this action until the earlier of (a) June 16, 2022, or (b) the Effective Date of the Debtors' reorganization plan. *See Mallinckrodt plc v. State of Connecticut*, No. 20-50850 (Bankr. D. Del.), ECF No. 334. Both events happened simultaneously, as June 16, 2022, was declared the Effective Date of the Debtors' reorganization plan. *See In re Mallinckrodt plc., et al.*, No. 20-12522 (Bankr.

D. Del.)(ECF No. 7652). On June 23, 2022, the Mallinckrodt Defendants filed a Notice of Bankruptcy Discharge in this case. (ECF No. 525).

Also on June 23, 2022, the parties filed a Joint Status Report informing the Court, *inter alia*, that the injunction was lifted. (ECF No. 526). In the Joint Status Report, Plaintiffs advised the Court that they intended to seek leave to file a Third Amended Complaint and the Express Scripts Defendants stated that they expected to oppose leave and request that their fully-briefed motion to dismiss be reinstated with guidance as to how to address newly decided authorities. *Id*. On June 30, 2022, the parties filed a subsequent Joint Status Report that included their proposed schedules. (ECF No. 531). On July 1, the date of this filing, the Court issued a minute order lifting the stay in this case and declared its intent to enter a scheduling order at the upcoming status hearing on July 6, 2022. (ECF No. 532).

Plaintiffs provided the Express Scripts Defendants with a copy of the proposed Third Amended Complaint on July 1, 2022. Plaintiffs have encouraged the Express Scripts Defendants to discuss whether they will oppose Plaintiffs' leave to file the Third Amended Complaint in advance of the July 6, hearing.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendments to pleadings, which states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The liberal standard of granting amendments "is based in part on the belief that decisions on the merits should be made wherever possible, absent countervailing considerations." *Olech v. Village of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason – futility,

3

undue delay, undue prejudice, or bad faith – for denying leave to amend." *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). "However, while a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). "Courts consider requests to include a party presented in a motion to amend under Rule 15(a), even though Rule 21 focuses on joinder of parties." *Vitelo v. Brazzaz, LLC*, No. 09 C 01051, 2010 WL 3273898, at *2 (N.D. Ill. Aug. 16, 2010).

## ARGUMENT

### I. There is No Undue Delay.

Plaintiffs have not unduly delayed filing their Motion. As outlined above, this action was stayed for over eighteen months due to the stay and bankruptcy order enjoining Plaintiffs from proceeding against the Express Scripts Defendants. This Motion is being filed on the same day that this Court lifted the stay in this matter. (*See* ECF No. 532). Furthermore, a response to Plaintiffs' operative complaint will be required regardless of whether the Court grants Plaintiffs' present Motion. As noted above, before the Court could rule on Defendants' motions to dismiss Plaintiffs' SAC, the case was stayed, and the pending motions were stricken. (ECF No. 474).

For these reasons, Plaintiffs' Motion has not been unduly delayed. Moreover, delay by itself is usually not a sufficient reason to deny a motion for leave to amend. *See, e.g.*, *Life Plans*, 800 F.3d at 358. Instead, "[d]elay must be coupled with some other reason … [t]ypically … prejudice to the non-moving party." *Id*.

**II. There is No Undue Prejudice to Defendants.**

Typically, a motion for leave to amend is considered unduly prejudicial when it is filed after the close of discovery and after a defendant's motion for summary judgment has been filed. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995) (citing cases); *see also SFG, Inc. v. Musk*, No. 19-cv-02198, 2020 WL 1646632, at *3 (N.D. Ill. Feb. 4, 2020) (holding that the delay was not unduly prejudicial as the motion for leave was filed before discovery closed and before any party moved for summary judgment). Here, however, discovery is not closed, and no summary judgment motions have been filed. Additionally, as shown below, any other potential arguments of prejudice cannot withstand scrutiny.

    **A. Substitution of Plaintiffs is Not Prejudicial.**

The TAC substitutes Series 17-03-615, a designated series of MSP Recovery Claims, Series LLC ("Series 17-03-615"), Series 21-12-1644, a designated series of MSP Recovery Claims, Series LLC ("Series 21-12-1644"), and Series 21-12-1645, a designated series of MSP Recovery Claims COM, Series LLC ("Series 21-12-1645")[1] as Plaintiffs in place of MSP Recovery Claims Series, LLC, Series PMPI, a designed series of MAO-MSO Recovery II, LLC, and MSPA Claims 1, LLC. Substitution of unnamed class members for named plaintiffs is a "common and normally an unexceptional ('routine') feature of class action litigation. *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006). The substitution of named plaintiffs is simply "rearrang[ing] the seating chart within a single, ongoing action. What [Plaintiffs] propose[] amount[s] to an ordinary pleading amendment governed by Federal Rule of Civil Procedure 15." *In Re: Allstate Corp. Sec. Litig.*, 966 F.3d 595, 616 (7th Cir. 2020) (affirming district court's order

---

[1] Series 17-03-615, Series 21-12-1644, and Series 21-12-1645 are the assignees of health plan AvMed, Inc. ("AvMed").

granting plaintiff's motion to amend their complaint to add a new class representative prior to class certification).[2]

The substitution of new named plaintiffs is not unduly prejudicial to Defendants because, as outlined in more detail below, there are no new claims or legal theories added to the TAC and the allegations regarding the Express Scripts Defendants' conduct remains the same. *See Lavender v. Driveline Retail Merch., Inc.*, No. 3:18-cv-2097, 2019 WL 4237848, at *4 (C.D. Ill. Sept. 6, 2019) (holding that allowing the plaintiff to substitute the class representative would not be unduly prejudicial to defendants where there were no new claims added."). Moreover, AvMed is an assignor that has already been identified to Defendants and prior to the stay, Plaintiffs had produced documents relating to AvMed's Medicare Advantage plans.[3] The addition of allegations regarding the assignment and purchase of Acthar for AvMed's commercial plans will not cause any expense or delay in the litigation. Discovery is not yet closed, and no summary judgment motions have been filed. At the time the Court suspended all court-imposed deadlines (ECF No. 454), Plaintiffs had fifteen (15) days remaining to produce documents from their assignors. (ECF No. 448). No depositions of Plaintiffs or their assignors had occurred and the close of merits discovery was months away. *Id*. On June 30, 2022, the parties submitted their proposed schedules for the MSP-only deadlines, including deadlines for Plaintiffs to respond to Defendants' amended

---

[2] Nor is Plaintiffs' addition of Accredo Health Group ("Accredo") as a Defendant prejudicial. Allegations regarding Accredo's involvement in the conspiracy were already included in Plaintiffs' SAC; thus, Defendants already had notice of the claims against Accredo. Moreover, Accredo is a Defendant in the *City of Rockford* case, and discovery has already commenced against Accredo in the consolidated proceedings.

[3] Defendants previously asserted that MSP Recovery Claims, Series LLC did not have standing to pursue claims for AvMed because the ultimate assignee was Series 17-03-615. Defendants' concern is addressed by naming Series 17-03-615 as a Plaintiff, and Defendants should no longer have an issue with Plaintiffs' standing.

interrogatories and to complete production of documents from its assignors. Thus, Plaintiffs will be able complete the discovery from AvMed within the new schedule set by the Court.[4] As there is no undue prejudice to Defendants, the requirements of Rules 15 are satisfied and the Court should grant leave to substitute Series 17-03-615, Series 21-12-1644, and Series 21-12-1645 as Plaintiffs.

### B. Plaintiffs Have Not Alleged New and Separate Claims.

A defendant that is "'required to defend against new allegations made in amended pleadings does not, by itself, constitute undue prejudice." *Woodson v. 3M Co.*, No. 3:21-cv-50244, 2022 WL 1450385, at *4 (N.D. Ill. May 9, 2022). A court should deny leave to amend "[o]nly where the prejudice outweighs the moving party's right to have the case decided on the merits." *Orlowski v. Dominick's Finer Foods, Inc.*, 937 F. Supp. 723, 732 (N.D. Ill. 1996). Here, Plaintiffs have not alleged any new and separate claims. Plaintiffs' TAC continues to allege that Defendants have violated Sections 1 and 2 of the Sherman Act and one state consumer protection statute. Moreover, the allegations relating to Defendants' antitrust violations have remained substantially the same, with only a few minor changes.

Instead of adding new claims, Plaintiffs' TAC *removes* claims and thus, narrows the issues to be litigated. Plaintiffs have removed all state antitrust claims and most of the consumer

---

[4] In the June 30, 2022, Joint Status Report, Defendants argued that Plaintiffs should be required to produce discovery from all assignors for which Plaintiffs sought recovery in the SAC. However, Defendants offer no basis to support their position that Plaintiffs should be required to produce discovery from payers that are no longer part of the litigation, other than it "remains relevant to both class certification and merits." (ECF No. 531 at 9). Courts hold that a party that seeks to withdraw as a class representative must not be forced to litigate and should be treated like any other non-representative class member. *See Organization of Minority Vendors v. Illinois Central-Gulf Railroad*, 1987 WL 8997 (N.D. Ill. Apr. 2, 1987); *see also Roberts v. Electrolux Home Products, Inc.*, 2013 WL 4239050 (C.D. Cal. Aug. 14, 2013).

protection claims alleged in the SAC.[5] Additionally, Plaintiffs now seek to recover on behalf of only assignor, AvMed. Plaintiffs' TAC includes new allegations relating to AvMed's assignments, its purchases of Acthar, and its Pharmacy Benefit Manager agreements. The TAC removes allegations relating to Acthar purchases from all other assignors previously identified by Plaintiffs in the SAC and in Plaintiffs' discovery responses. Furthermore, Plaintiffs' TAC takes into account the recent developments in applicable law, which the Express Scripts entities made specific note of in their portion of the June 23, 2022, Joint Status Report (ECF No. 526). As Plaintiffs' proposed amendment does not include any new claims and narrows the issues to be litigated, Defendants are not unduly prejudiced.

### C. The Amended Class Definition is Not Prejudicial.

Plaintiffs have also revised their class definition. In the TAC, Plaintiffs have alleged two classes: (1) a direct purchaser class of third-party payers, who on behalf of their Medicare Advantage beneficiaries, paid for Acthar through Express Scripts as the Pharmacy Benefit Manager (PBM); and (2) an indirect purchaser class of third-party payers, who on behalf of their medical and/or pharmacy benefit plan beneficiaries, paid for Acthar through a PBM other than Express Scripts and the prescriptions were filled by Accredo and/or CuraScript SP. However, the changes to the class definitions do not unduly prejudice Defendants. The Seventh Circuit in *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) has determined that:

> A complaint must contain three things: a statement of subject-matter jurisdiction, a claim for relief, and a demand for a remedy. Fed. R. Civ. P. 8(a). Class definitions are not on that list. Instead the obligations to define the class falls on the judge's shoulders under Fed. R. Civ. P. 23(c)(1). *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011). The

---

[5] In Count III of the SAC, Plaintiffs alleged Defendants violated twenty-nine (29) state antitrust statutes. In Count IV of the SAC, Plaintiffs alleged Defendants violated nineteen (19) state consumer protection statutes. The proposed TAC only includes allegations that Defendants violated the Florida Deceptive and Unfair Trade Practices Act.

> judge may ask for the parties' help, but motions practice and a decision under Rule 23 do not require the plaintiff to amend the complaint.

Therefore, "Plaintiffs are not required to amend their Complaint prior to filing for class certification to delineate the exact contours of their class." *Bakov v. Consolidated World Travel, Inc.*, No. 15 C 2980, 2019 WL 1294659, at *15 (N.D. Ill. Mar. 21, 2019). The Court "can consider 'modifications' to the proposed class 'at any time prior to final judgment.'" *Id.* (quoting *Chapman v. Wagener Equities, Inc.*, No. 09-cv-7299, 2012 WL 6214597, at *5-6 (N.D. Ill. Dec. 13, 2012); *see also Beaton v. SpeedyPc Software*, 907 F.3d 1018, 1023 (7th Cir. 2018) ("District courts may amend class definitions either on motion or on their own initiative."). As Plaintiffs are allowed to amend their class definition throughout the litigation and are not required to amend the complaint to do so, Defendants can allege no undue prejudice on this front. Furthermore, Defendants are not prejudiced by an amended class that includes all third-party payers, as the City of Rockford has also alleged a class of all third-party payers. *See City of Rockford v. Mallinckrodt ARD LLC et al.*, No. 3:17-cv-50107 (N.D. Ill.), (ECF No. 98). Plaintiffs' case is consolidated with *City of Rockford* for discovery purposes.

## III. The Proposed Amendment is Not Futile.

Plaintiffs' proposed amendment is not futile. Generally, a proposed amendment is futile if the amended complaint would fail to state a claim upon which relief could be granted. *Olivarius v. Tharaldson Prop. Mgmt.*, 695 F. Supp. 2d 824, 829 (N.D. Ill. 2010). But "cases of clear futility at the outset of a case are rare." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and N.W. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015).

Courts have found that futility arguments are appropriately considered in a motion to dismiss. *Chen v. Yellen*, No. 3:20-cv-50458, 2021 WL 5005373, at * 3 (N.D. Ill. Oct. 28, 2021) (collecting cases); *see also Hardimon v. SCF Lewis & Clark Fleeting LLC*, No. 21-cv-298-RJD,

2022 WL 1104738, at *3 (S.D. Ill. Apr. 13, 2022). The court in *Chen* elaborated on this position, stating that:

> Here, both sets of Defendants have pending motions to dismiss and make arguments in their briefs opposing the amended complaint that are duplicative of the arguments raised in their respective motions to dismiss. As such, this Court finds that, in the interests of judicial economy, the futility arguments are better suited for consideration in the context of motions to dismiss. Denying Plaintiff leave to amend would not eliminate the need for the District Judge to rule on the pending motions to dismiss the Complaint, and the Court concludes that it would be a better use of judicial resources for all arguments concerning the dismissal of Plaintiff's claims to be presented to the District Judge at the same time. Therefore, Plaintiffs' motion for leave to amend her complaint is granted.
>
> By permitting Plaintiff to file here proposed amended complaint, the Court is not opining on the sufficiency of those claims. Rather, the Court finds that judicial economy would be better served by allowing Plaintiff an opportunity to amend her complaint and allowing any objections to such complaint to be addressed in a motion to dismiss.

2021 WL 5005373, at *3-4.

As addressed above, the Express Scripts Defendants' motion to dismiss Plaintiffs' SAC was stricken from the docket. Therefore, unless Defendants answer the operative complaint, they will refile a motion to dismiss the SAC or file a motion to dismiss the TAC, should the Court grant Plaintiffs' Motion. Any arguments as to futility (*i.e.*, that the TAC would fail to state a claim upon which relief could be granted) will likely be duplicative of arguments that Defendants (1) raised in their motion to dismiss the SAC; and (2) will raise in any motion to dismiss the TAC. Therefore, judicial economy will be better served by granting Plaintiffs' Motion and letting Defendants address any arguments as to why the TAC fails to state a claim in a motion to dismiss. Accordingly, judicial economy will be better served by granting Plaintiffs' Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File a Third Amended Complaint and to Substitute Plaintiffs.

Dated: July 1, 2022

Respectfully submitted,

*/s/ Peggy J. Wedgworth*
David M. Hundley
Anna K. Higgins*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe St., Ste. 2100
Chicago, IL 60606
(312) 593-3354
dhundley@milberg.com
ahiggins@milberg.com
* admitted in Louisiana only

Peggy J. Wedgworth (*pro hac vice*)
Michael Acciavatti (*pro hac vice*)**
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
(212) 594-5300
pwedgworth@milberg.com
macciavatti@milberg.com
** admitted in Pennsylvania only

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Peggy J. Wedgworth, hereby certify that on July 1, 2022, the foregoing document was filed with the Clerk for the United States District Court for the Northern District of Illinois using the CM/ECF system, which sent electronic notification to counsel of record.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth