IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MSP Recovery Claims, Series LLC, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) Case No. 3:20-cv-50056 |
| v. | ) |
| | ) Magistrate Judge Lisa A. Jensen |
| Mallinckrodt ARD, Inc., *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have filed a motion for leave to file a third amended complaint and to substitute plaintiffs. Dkt. 534. For the following reasons, the motion is granted.

BACKGROUND

The instant action arises out of allegations by Plaintiffs MSP Recovery Claims, Series LLC; MAO-MSO Recovery, II, LLC, Series PMPI; and MSPA Claims 1, LLC that Mallinckrodt ARD, Inc. and Mallinckrodt PLC ("Mallinckrodt Defendants") and Express Scripts, Inc.; Express Scripts Holding Company; Curascript, Inc.; and United Biosource Corp. ("Defendants") have violated various federal and state antitrust statutes and consumer protection laws by artificially inflating the price of the drug Acthar. As a result, Plaintiffs allege that certain third-party payors that provide Medicare benefits to their beneficiaries were forced to pay inflated prices for Acthar. Various of these third-party payors have assigned their rights to recover for this alleged overpayment to Plaintiffs.

Plaintiffs initially filed this class action in the Central District of California on October 30, 2017. Dkt. 1. The case was transferred to the Northern District of Illinois on January 18, 2018.

Dkt. 53. The case was consolidated for discovery purposes with *City of Rockford v. Mallinckrodt ARD, Inc.*, No. 3:17-cv-50107 (N.D. Ill.). Dkt. 93.

On January 25, 2019, the District Court (Judge Frederick J. Kapala) dismissed Plaintiffs' initial complaint without prejudice for failing to adequately plead prudential standing and antitrust standing. *MSP Recovery Claims, Series LLC v. Mallinckrodt ARD, Inc.* (*MSP Recovery Claims I*), No. 18 C 00379, 2019 WL 11658793 (N.D. Ill. Jan. 25, 2019).

Plaintiffs filed their First Amended Complaint ("FAC") on April 10, 2019. Dkt. 165. The District Court (Judge John Z. Lee) dismissed the FAC without prejudice on March 23, 2020, finding that Plaintiffs had adequately pled prudential standing but not antitrust standing. *MSP Recovery Claims, Series LLC v. Mallinckrodt ARD, Inc.* (*MSP Recovery Claims II*), No. 3:20 C 50056, 2020 WL 1330373, at *4 (N.D. Ill. Mar. 23, 2020).

Plaintiffs filed their Second Amended Complaint ("SAC"), currently the operative complaint, on July 2, 2020. Dkt. 361. All defendants moved to dismiss the SAC on August 14, 2020, Dkts. 408, 412, and the motions were fully briefed, Dkts. 439, 452. Two days before briefing was completed, however, the Mallinckrodt Defendants filed a suggestion of bankruptcy. Dkt. 450. The motions to dismiss were stricken and the case against all defendants was stayed pending resolution of the Mallinckrodt Defendants' bankruptcy proceedings. Dkt. 474.

Plaintiffs filed the instant motion to amend their complaint the same day the stay was lifted. Dkt. 534. The Proposed Third Amended Complaint ("TAC") would, among other things, replace the named Plaintiffs with different series of unnamed class members ("Substitute Plaintiffs"), withdraw all claims against the Mallinckrodt Defendants, and add a new defendant, Accredo Health Group, Inc. ("Accredo"). Dkt. 534-1. Defendants oppose the motion on several grounds.

2

Dkt. 544. Plaintiffs filed a reply brief, Dkt. 547, and Defendants filed a sur-reply with the Court's leave, Dkt. 552.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that, other than when a party amends its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Ultimately, "[i]t is within the sound discretion of the district court whether to grant or deny a motion to amend." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

Defendants raise concerns of undue delay, undue prejudice, and futility. Defendants also argue that the TAC inappropriately attempts to "cure a standing defect by substituting unnamed putative class members as named representatives before the court certifies a class." Defs.' Resp. at 4, Dkt. 544. According to Defendants, "[i]t is black-letter law in the Seventh Circuit that substitution is not permitted to breathe life into a lawsuit where a plaintiff never had standing to bring his lawsuit in the first place." *Id.* at 3 (citing *Walters v. Edgar*, 163 F.3d 430, 432–33 (7th Cir. 1998)). Because this issue potentially implicates subject matter jurisdiction, the Court will address it first.

## I. Standing

In antitrust cases, the word "standing" has three independent yet interrelated meanings.

3

Constitutional standing, also known as Article III standing, is a jurisdictional requirement that must be present in every case to satisfy the constitutional command that the judiciary resolve only "a case or controversy in the Article III sense, that is, a real dispute between parties with tangible stakes in the outcome." *Walters*, 163 F.3d at 432. In the class-action context, the named plaintiffs must have constitutional standing when the suit is filed, otherwise federal jurisdiction does not attach. *Id.* Defendants challenged Plaintiffs' constitutional standing under both the initial complaint and the FAC, but neither Judge Kapala nor Judge Lee held that Plaintiffs lacked constitutional standing. *MSP Recovery Claims I*, 2019 WL 11658793, at *2; *MSP Recovery Claims II*, 2020 WL 1330373, at *2 n.3, *3 n.4.

"The prudential standing consideration requires that, 'in general, the plaintiffs must assert their own legal rights and interests and cannot rest their claims to relief on the legal rights or interests of third parties.'" *MSP Recovery Claims I*, 2019 WL 11658793, at *2 (quoting *G & S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 540 (7th Cir. 2012)). The prudential standing requirement is broader than constitutional standing; "a plaintiff may meet the standards for constitutional standing but fail to satisfy prudential standing requirements." *Id.* at *2 & n.7 (citing *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008)). Judge Kapala found that the allegations in Plaintiffs' initial complaint did not adequately plead prudential standing. *Id.* at *3. Judge Lee found that the FAC cured this pleading deficiency and thus Plaintiffs had adequately pled prudential standing. *MSP Recovery Claims II*, 2020 WL 1330373, at *4. In finding that Plaintiffs had adequately pled prudential standing, Judge Lee necessarily found they had adequately pled constitutional standing. *See id.* at *2 n.3, *3 n.4; *G & S Holdings*, 697 F.3d at 540.

Antitrust standing is a further requirement that only plaintiffs with sufficiently direct injuries are entitled to bring claims under antitrust law. *MSP Recovery Claims II*, 2020 WL

1330373, at *4 (citing *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 480–81 (7th Cir. 2002)). The Seventh Circuit has explained that "despite the suggestive terminology, 'antitrust standing' is not a jurisdictional requirement." *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *see McGarry & McGarry, LLC v. Bankr. Mgmt. Sols., Inc.*, 937 F.3d 1056, 1063 (7th Cir. 2019) (noting potential for confusion with constitutional standing). Judge Lee found that Plaintiffs' FAC failed to adequately plead antitrust standing. *MSP Recovery Claims II*, 2020 WL 1330373, at *4.[1]

In general, amendments that promote class members to named plaintiffs are proper because they merely "rearrange the seating chart within a single, ongoing action." *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 616 (7th Cir. 2020). Even when a proposed amended complaint would replace all named plaintiffs before class certification, the amendment is allowed "[u]nless jurisdiction never attached, as in *Walters v. Edgar*, *supra*, or the attempt to substitute comes long after the claims of the named plaintiffs were dismissed." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (citations omitted). Defendants argue that the first exception applies, citing the proposition that federal jurisdiction does not attach "if the named plaintiffs lacked standing when they filed the suit." *Walters*, 163 F.3d at 432–33. Plaintiffs argue that unlike *Walter*, Plaintiffs had standing when the suit was filed, and more specifically that *Walters* does not apply to antitrust standing. Pls.' Reply at 3, Dkt. 547.

Plaintiffs have the better of this argument. Viewed as a whole, *Walters* clearly addresses constitutional standing, speaking only in terms of jurisdiction. 163 F.3d at 432 (noting that "federal jurisdiction never attached"). Judge Lee did not rule that Plaintiffs had no constitutional or prudential standing, but rather that Plaintiffs' FAC failed to plead antitrust standing. Because

---

[1] The parties dispute whether the SAC or TAC remedies this defect.

antitrust standing is not jurisdictional, this is not a case where the Court lacked jurisdiction over Plaintiffs' claims when they filed suit. In short, *Walters* does not apply. Because there is no jurisdictional hurdle to this "routine" request to substitute plaintiffs, *Phillips*, 435 F.3d at 787, the Court will address Defendants' remaining contentions.[2]

## II. Undue Delay

Defendants raise concerns that Plaintiffs unduly delayed in filing the TAC, specifically arguing that the information contained in the TAC was known to Plaintiffs much earlier. Plaintiffs counter that they filed their TAC the same day this Court lifted the bankruptcy stay so there is no undue delay. Plaintiffs' argument ignores the fact that prior to the bankruptcy stay, they had over seven months after Judge Lee dismissed the FAC in which to raise the factual matter and new parties contained in the TAC. Plaintiffs' explanation seems to be that additional information was acquired during the bankruptcy stay and that one of the new assignors, AvMed, did not assign its claims until 2022 and thus the TAC could not be filed before that time. *See* Pls.' Reply at 5, Dkt. 547.

Recent discovery of new information generally negates a contention of undue delay. *See Life Plans*, 800 F.3d at 358. Moreover, because Defendants' Motion to Dismiss the SAC was stricken in light of the bankruptcy stay, it is not clear to this Court that the case would be any

---

[2] The parties debate whether Judge Kapala's and Judge Lee's rulings regarding standing are the law of the case. The law of the case doctrine may operate in certain circumstances to inhibit a judge from altering previous rulings made in the same litigation. *Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 911–12 (7th Cir. 2005). However, the issues presented by *Walters* require only an analysis of what the previous court *did*, that is, whether the previous court definitively found that there was no jurisdiction, thus prohibiting substitution of named plaintiffs. 163 F.3d at 432. In recounting the decisions of Judge Kapala and Judge Lee, this Court makes no finding on whether those decisions constitute the law of the case, nor is this Court opining on whether the TAC satisfies the various standing requirements discussed above. Because the Court has declined to engage in such an analysis in the context of Defendants' futility argument, there is no need for this Court to opine on whether Judge Kapala's and Judge Lee's rulings on standing constitute the law of the case. The parties can raise these issues before the District Judge if and when the standing issue is raised as to the TAC. *See G & G Closed Cir. Events, LLC v. Castillo*, 327 F. Supp. 3d 1119, 1134 n.15 (N.D. Ill. 2018).

further along even if the new facts had been included in the SAC. Nonetheless, delay, in the absence of prejudice is not enough to warrant denial of a motion to amend. *See, e.g., Life Plans,* 800 F.3d at 358; *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (finding that when the proposed amended complaint purports to cure deficiencies in an earlier complaint, even after an "exasperating" length of time, absent prejudice, amendment is generally allowed). Thus, the Court will proceed to analyze whether allowing the TAC unduly prejudices Defendants.

**III. Undue Prejudice**

Defendants argue that allowing the filing of the TAC will unduly prejudice their case by forcing them to address new allegations and engage in further costly discovery. Defendants also note that only two months of discovery remained when the case was stayed in 2020. However, upon lifting the bankruptcy stay, this Court called the parties in to address a new discovery deadline with both parties proposing to extend fact discovery. That issue was put on hold in light of Plaintiffs' motion to file the TAC. As such, there is no operative fact discovery cutoff and thus any undue prejudice based on an impending fact discovery cutoff does not apply here. Fact discovery is ongoing, no motion for class certification has yet been filed, and no trial date has been set. Although adding a new defendant toward the end of discovery could be unduly prejudicial in some instances, as Plaintiffs point out here, Accredo is not a stranger to the case[3] and the trial date is not just two months away as it was in *Perrian*, 958 F.2d at 194.

Defendants' argument that any required additional discovery will be "expensive and time-consuming" are conclusory, especially given that consolidated discovery is proceeding against Defendants and Accredo in the *City of Rockford* case. Defs.' Resp. at 10, Dkt. 544. Moreover,

---

[3] The parties acknowledge that Accredo is involved in consolidated discovery and a defendant in the *City of Rockford* case represented by the same counsel as Defendants in this case. Defs.' Resp. at 8, Dkt. 544; Pls.' Reply at 7–8, Dkt. 547.

7

while Defendants identify several new topics of discovery that will be required if the TAC is allowed, Plaintiffs point out that most if not all of those topics of discovery have already been pursued in this or the consolidated case. For these reasons, the Court does not find that allowing the filing of the TAC will be unduly prejudicial to Defendants.

**IV. Futility**

Defendants argue that the TAC suffers from the same fatal flaws as Plaintiffs' previous complaints, so amendment and substitution are futile. Defendants ask this Court to deny Plaintiffs leave to file the TAC and reinstate Defendants' fully briefed Motion to Dismiss the SAC. Thus, if this Court rules on Defendants' futility arguments, which Defendants argue raise the same issues as in the fully briefed Motion to Dismiss the SAC, there could well be two separate opinions by two separate judges on what Defendants claim are the same issues. Courts around the country have routinely held that it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend, particularly when the futility arguments are duplicative of arguments raised in a motion to dismiss. *See Chen v. Yellen*, No. 3:20-CV-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021) (collecting cases). Likewise, this Court, in the interest of judicial economy, declines to engage in a futility analysis. As in *Chen,* if this Court were to deny leave to amend based on futility and reinstate Defendants' Motion to Dismiss the SAC (as Defendants request), the District Judge would still have to rule on the same arguments presented here. It would be a better use of judicial resources for all arguments concerning the dismissal of Plaintiffs' claims to be presented to the District Judge at the same time.

## CONCLUSION

The Court grants Plaintiffs' motion for leave to file a third amended complaint and to substitute plaintiffs.

Date: August 16, 2022        By: _____
                                 Lisa A. Jensen
                                 United States Magistrate Judge