# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXPRESS SCRIPTS INC., *et al.*, <br><br> Defendants. | Case No. 3:20-cv-50056 <br> District Judge Iain D. Johnston <br> Magistrate Judge Lisa A. Jensen |

## MOTION FOR EXTENSION OF TIME TO FILE ANSWER

Defendants Express Scripts Holding Co., Express Scripts, Inc., CuraScript, Inc. (d/b/a CuraScript SP Specialty Pharmacy), Accredo Health Group, Inc., and United BioSource LLC (f/k/a United BioSource Corp.) (the "**Express Scripts Entities**"), respectfully request that the Court extend the current deadline to file an answer to the Third Amended Class Action Complaint (the "**Complaint**"), ECF No. 555. Specifically, the Express Scripts Entities request that the Court modify the deadline for their answer as follows: (1) if Plaintiffs opt not to file a further amended complaint, the Express Scripts Entities may answer the Complaint by August 25; (2) if Plaintiffs request leave to file a further amended complaint and leave is granted, the Express Scripts Entities may within 30 days after the filing of the amended complaint file their answer or a motion to dismiss; or (3) if Plaintiffs request leave to file a further amended complaint and leave is denied, the Express Scripts Entities may file an answer within fourteen days after the order denying leave to amend. The Express Scripts Entities met and conferred with Plaintiff on August 7. As discussed in greater detail below, the parties were able to reach a partial agreement, but were unable to reach

a comprehensive agreement on the requested relief. In support of their motion, the Express Scripts Entities state as follows:

1. On August 16, 2022, this Court granted Plaintiffs leave to file the Complaint and to substitute plaintiffs. ECF No. 553.

2. Plaintiffs filed the Complaint on August 17, 2022. ECF No. 555.

3. On October 18, 2022, the Express Scripts Entities filed a motion to dismiss the Complaint. ECF No. 592.

4. On July 28, 2023, the Court issued a Memorandum Opinion and Order (the "**Order**") granting in part and denying in part the Express Scripts Entities' motion to dismiss. ECF No. 680. The Order directed Plaintiffs to file a "position statement" by August 11, 2023 "as to what, if any, evidence they have that CVS and Catalyst are co-conspirators, and if that would be sufficient to allow them to amend the pleadings consistent with Rule 11." *Id.* at 16. The Court also set a deadline of August 24, 2023 for the filing of an amended complaint. *Id.* at 24.

5. The Express Scripts Entities' answer is currently due on August 11, 2023, *see* Fed. R. Civ. P. 12(a)(4)(A), the same deadline set for Plaintiffs' position statement and thirteen days prior to the deadline for any amended complaint. Accordingly, under the current schedule, the Express Scripts Entities would be answering the Complaint before even knowing if Plaintiffs intend to amend again.

6. On August 3, 2023, the Express Scripts Entities advised Plaintiffs' counsel that they intended to file this motion and asked for Plaintiffs' position on the relief sought. On August 4, 2023, Plaintiffs requested to meet and confer on August 7, 2023 regarding the relief requested.

7. On August 7, 2023, before the scheduled meet and confer, Plaintiffs' counsel notified counsel for the Express Scripts Entities that Plaintiffs intended to amend to add Priority

2

Healthcare Distribution, Inc., d/b/a CuraScript SD as a defendant in this case. Plaintiffs stated that they were still considering their options on other amendments to the Complaint.

8. The parties subsequently held a meet and confer on August 7, 2023 regarding this motion. Plaintiffs' counsel stated that Plaintiffs do not object to an extension of the Express Scripts Entities' deadline to answer the Complaint to August 25, 2023, if Plaintiffs opt not to amend the Complaint. However, Plaintiffs' counsel stated that, at this time, Plaintiffs oppose any further extension in the event Plaintiffs file an amended complaint. In other words, at this time, Plaintiffs oppose item numbers two and three of the Express Scripts Entities' requested relief in the instant motion.

9. In the related case filed by the City of Rockford, the Court extended the deadline to answer the complaint under similar circumstances. Specifically, the Court granted in part and denied in part motions to dismiss the complaints in that action, while ordering the plaintiffs to file an amended complaint within 45 days. Mot. for Clarification at 1–3, *Rockford v. Mallinckrodt ARD, Inc.*, No. 3:17-cv-50107 (N.D. Ill. Feb. 7, 2019), ECF No. 185. Because that would have resulted in an answer deadline prior to the deadline for the plaintiffs to amend their complaint, the defendants moved the Court for an order providing that no answer would be due until fourteen days after the deadline to amend the complaint, *id.*, and the Court stayed answers to the amended complaint pending a status conference to discuss the timing of pleadings, Minute Entry, *Rockford* ECF No. 187. Ultimately, the plaintiffs opted not to file amended complaints, and the Court entered an order allowing the defendants 30 days from the February 28, 2019 status conference to answer the operative complaint. *Rockford* ECF Nos. 194–95; *Rockford*, Feb. 28, 2019 Hr'g Tr. 6:9–12, 21:6–22, ECF No. 196.

10. Accordingly, the Express Scripts Entities request that the Court enter an order providing as follows: (1) if Plaintiffs opt not to amend the Complaint, the Express Scripts Entities shall have until August 25, 2023 to file their answer; (2) if Plaintiffs request leave to file a further amended complaint and leave is granted, the Express Scripts Entities shall within 30 days after the filing of the amended complaint file their answer or a motion to dismiss; or (3) if Plaintiffs request leave to file a further amended complaint and leave is denied, the Express Scripts Entities shall within fourteen days after the order denying leave to amend file their answer to the Complaint.

Dated:  August 7, 2023	Respectfully Submitted,

/s/ Eric C. Lyttle
Michael J. Lyle, Esq. (ARDC #6199227)
Eric C. Lyttle, Esq. (*pro hac vice*)
Meghan A. McCaffrey, Esq. (*pro hac vice*)
Michael D. Bonanno, Esq. (*pro hac vice*)
J. Matthew Hamann, Esq. (*pro hac vice*)
J. Kirk Goza, Esq. (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
mikebonanno@quinnemanuel.com
matthewhamann@quinnemanuel.com
kirkgoza@quinnemanuel.com

Jan H. Ohlander, Esq. (ARDC #3124934)
RENO & ZAHM, LLP
2902 McFarland Rd., Suite 400
Rockford, IL 61107
Tel: (815) 987-4050
Fax: (815) 987-4092
jho@renozahm.com

***Attorneys for Defendants Express Scripts Holding Co., Express Scripts, Inc., CuraScript, Inc., Accredo Health Group, Inc. and United BioSource LLC***