**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| SERIES 17-03-615, a designated series of MSP RECOVERY CLAIMS, SERIES LLC; SERIES 21-12-1644, a designated series of MSP RECOVERY CLAIMS, SERIES LLC; and SERIES 21-12-1645, a designated series of MSP RECOVERY CLAIMS COM, SERIES LLC, | |
| Plaintiffs, | Case No. 3:20-cv-50056 |
| v. | District Judge Iain D. Johnston |
| EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS HOLDING COMPANY; PRIORITY HEALTHCARE DISTRIBUTION, INC., d/b/a CURASCRIPT SD SPECIALTY DISTRIBUTION; CURASCRIPT, INC. d/b/a CURASCRIPT SPECIALTY PHARMACY; ACCREDO HEALTH GROUP, INC.; and UNITED BIOSOURCE CORPORATION, LLC, | Magistrate Judge Lisa A. Jensen |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
ENFORCE COURT ORDERS AND COMPEL DEFENDANTS TO PRODUCE ALL
DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION 1-4**

Plaintiffs, Series 17-03-615, a designated series of MSP Recovery Claims, Series LLC, *et al.* (collectively, "MSP" or "Plaintiffs") again request the Court enforce its Orders regarding Defendants' Express Scripts, Inc., *et al.* (collectively, "ESI" or Defendants") production of documents and a corporate representative for a 30(b)(6) deposition (ECF Nos. 689, 725, 726) and compel ESI to produce all documents in response to the agreed-upon Requests for Production ("RFP") Nos. 1-4, as well as a complete privilege log. Unbelievably, ESI continues to stonewall MSP's efforts to depose a 30(b)(6) witness (despite the Court granting MSP's motion to compel ESI to produce documents and a corporate representative regarding discovery on discovery for a 30(b)(6) deposition back in August 2023) by delaying production of documents in response to Plaintiffs' RFPs, refusing to identify a date(s) certain by which all documents will be produced, and not producing a privilege log.

To date, ESI has only produced 44 documents (many heavily- redacted),[1] and none since November 27, 2023. What's more, ESI produced those few documents only after MSP made repeated inquiries about production timing and informed ESI they would be forced to seek relief from the Court if ESI continued to delay production. *See, e.g.*, Exh. 1, Nov. 22, 2023 email from J. Hughes to M. Soyfer, attached to the declaration of Peggy J. Wedgworth ("Wedgworth Decl.").[2] The 44 documents are responsive to MSP's RFPs 1, 3 and 4, as to which ESI was ordered to collect and produce documents back on October 18, 2023 – *almost seven weeks ago*. ESI's counsel

---

[1] Several documents produced thus far have questionable privilege redactions. For example, one spreadsheet appears to redact recipient names and dates where legal holds were implemented and acknowledged. MSP notes this concern because inappropriate or over-redactions may be yet another issue to be raised before the Court once ESI produces a privilege log.
[2] All exhibits are appended to the Wedgworth Decl.

admitted Defendants have been collecting documents responsive to RFPs 1-4 since the October 18 hearing.[3]

The parties reached agreement on search terms for the remaining RFP (No. 2) on November 10, 2023, *over three weeks ago*, yet not one document has been produced since that time based on search terms, and ESI has ignored multiple requests from MSP to provide the documents or date(s) of production. ESI's refusal to provide the documents or date(s) certain as to when all documents will be produced, as well as a privilege log, has made scheduling of the 30(b)(6) deposition impossible.

Despite the Court's admonition to "get it done" (Oct. 18, 2023 Hr'g Tr. at 18:18), it is clear that ESI has every intention of avoiding that order and continuing to stonewall the 30(b)(6) deposition that has been ordered through intentional delays in both collecting and producing documents, necessitating that MSP file yet another motion on this issue. Accordingly, MSP respectfully requests that the Court order ESI to produce *all* documents responsive to MSP's RFPs 1-4 and a complete privilege log within five days following the entry of an order on this issue.

## RELEVANT FACTUAL BACKGROUND AND ARGUMENT

On August 15, 2023, the Court granted MSP's motion to compel ESI to produce documents and a corporate representative for a 30(b)(6) deposition (ECF Nos. 607, 689) regarding the topics set forth in MSP's September 22, 2022 amended notice of 30(b)(6) deposition ("Notice") (ECF Nos. 607-12). The Notice included the four document requests at issue. Since that time, as a result of ESI's refusal to negotiate in good faith about the Notice topics and document requests, MSP has been forced to file various motions and other submissions (*see, e.g.*, ECF Nos. 692, 698, 732)

---

[3] *See* Exh. 2, Nov. 2, 2023 letter from M. McCaffrey to P. Wedgworth. ("Immediately following the October 18th, 2023 hearing, we began to develop reasonable and proportionate search terms and to assemble and train a review team, while simultaneously collecting responsive documents."). *See also* ECF No. 732 at 3.

regarding ESI's obstructive conduct and delays in complying with the Court's orders. As the Court is well-versed with the issues that have arisen in connection with MSP's document requests and 30(b)(6) deposition topics, MSP will not recount them in detail here, except as necessary for this motion.

In response to the Court's September 12, 2023 order (ECF No. 696), on September 26, 2023, the parties made a Joint Submission on remaining disputes on 30(b)(6) topics and document requests in the Notice (ECF No. 698). On October 18, 2023, the Court held a hearing on ESI's motion to enforce the Court's Order compelling ESI to produce documents and a corporate representative for deposition (as, among other things ESI unilaterally rewrote all MSP's deposition topics) (ECF No. 692), ultimately granting and modifying MSP's motion (ECF No. 725).

Following the October 18 hearing, MSP communicated with ESI (including meet and confers) on several issues pertaining to the Court-ordered production of documents, including the search terms that would be applied to locate documents responsive to RFP No. 2 and the timing of ESI's production for all four document requests. ESI first claimed that these issues were inextricably linked, ignoring that three of four RFPs were not subject to their request to utilize search terms, and refused to produce any documents on a rolling basis. ESI continued to stall on producing documents, informing MSP on November 2 that "we believe it makes sense to return to the question of anticipated timing of production(s) once the parties have made further progress regarding the search terms for RFP No. 2, especially given the impending holiday." *See* Exh. 2, Nov. 2, 2023 Letter from M. McCaffrey to P. Wedgworth.

MSP immediately responded, "[g]iven the collection and review process should already have begun for three of the four document requests, it is unreasonable to delay production until everything is complete and only creates further and unnecessary delay on your part." *See* Exh. 1,

Nov. 2, 2023 email from J. Hughes to M. Soyfer.[4] ESI provided no response, but confirmed in the November 3 Joint Status Report that it had promptly begun collecting and preparing non-custodial documents for production prior to MSP's first email regarding search terms. ECF No. 732 at 3. Following additional communications, the parties met and conferred on November 9, 2023 with ESI still delaying responses on straight-forward issues concerning RFP 2, but again confirming they had already collected documents responsive to RFPS 1, 3 and 4. On November 10, 2023, MSP summarized the meet and confer, reiterating there was no reason for ESI's repeated delays in providing a response on MSP's proposals on RFP 2, and unless MSP provided its position on proposed search terms, "we are at an impasse and will file a motion to put an end to these delaying tactics." Exh. 1, Nov. 10, 2023 email from J. Hughes to M. Soyfer.

Following MSP's email regarding motion practice, the parties reached agreement on search terms for RFP 2 on November 10, 2023, with MSP agreeing to "use best efforts to produce documents on a rolling basis." *See* Exh. 3, Nov. 10, 2023 Letter from M. McCaffrey to P. Wedgworth at 2.[5] Attempting to avoid further delay, MSP sent an email to ESI that same day: "[g]iven that Express Scripts has been collecting documents responsive to RFPs 1, 3 and 4 since the October 18th hearing, we expect that Express Scripts has documents ready to produce. Please give us a date certain when you will begin rolling production of documents." *Id.*, Nov. 10, 2023 email from J. Hughes to A. Foote. Receiving no reply, MSP emailed ESI again on November 22, 2023:

> It has been over a month since the October 18th hearing and nearly two weeks since
> Express Scripts agreed to our proposed search terms. Once again, Express Scripts

---

[4] *See also* Nov. 3, 2023 Joint Status Report (ECF No. 732 at 1-2) where MSP recounted delays by ESI in negotiating on proposed search terms for RFP 2 and ESI's refusal to make rolling document productions.
[5] The search terms agreed to by the parties for RFP 2 produce 6,058 unique hits, resulting in a total of 16,468 documents to review, including attachments from the custodial files of Robert Osborne, Melissa Beatty, and Gayle Johnston. *See* Exh. 4, Search Terms Report sent as attachment to November 9, 2023 email from M. Soyfer to J. Hughes.

should have begun collecting documents as soon as it was aware of its obligations, particularly in response to those RFPs for which our negotiation on search terms was never an issue. Express Scripts has produced nothing since the hearing and the delay is just not warranted. If Express Scripts does not begin production of documents by Monday, November 27, MSP Plaintiffs will need to once more to seek assistance from the Court.

Exh. 1, Nov. 22, 2023 email from J. Hughes to M. Soyfer.

In response, on November 27, ESI produced 44 documents, many heavily redacted, comprised of a small quantity of litigation holds and retention policies, apparently collected from non-custodial sources in response to RFPS 1, 3 and 4. The same day, having waited more than two weeks for rolling production of documents to begin, and given ESI's refusal to respond to multiple requests as to when production and a privilege log would be complete, MSP informed ESI that it expected full production of all documents responsive to its RFPs by December 1. *See* Exh. 5, Wedgworth Decl., Nov. 27, 2023 email from J. Hughes to A. Foote. That date came and went with no production and no acknowledgement of MSP's request. As of the filing of this motion, no additional documents have been produced.

In yet one more episode of the same disturbing pattern, ESI is again utilizing the tactics of delay and refusal to communicate to prevent a 30(b)(6) deposition first noticed by MSP in September 2022, ordered to take place by this Court as of September of 2023, and stymied at each turn by ESI's unwillingness to negotiate in good faith. Now, confronted by the end of this long road to that deposition, ESI has resorted to one remaining tool: its own steadfast refusal to either produce all documents and a privilege log or inform MSP when it will do so. As ESI is fond of saying, "fact discovery ended long ago" (*see* Exh. 2, Nov. 2, 2023 Letter from M. McCaffrey to P. Wedgworth at 4; *see also* Exh. 3, Nov. 10, 2023 Letter from M. McCaffrey to P. Wedgworth at 2), but the passage of one deadline does not excuse ESI from its current obligation to produce documents and a privilege log by a specific date so the deposition can go forward. It has been

almost two months since ESI has been collecting documents responsive to three of the four document requests and over three weeks ago, ESI agreed to produce documents responsive to RFP 2. There has been ample time for Defendants to collect, review and produce documents as well as a privilege log, and no excuse for ESI's refusal to inform Plaintiffs on production timing so the 30(b)(6) deposition can be scheduled.

## CONCLUSION

For the foregoing reasons, MSP respectfully requests that the Court order ESI to produce all documents responsive to MSP's RFPs 1-4 and a complete privilege log within five days following the entry of an order on this issue.

Dated: December 5, 2023

Respectfully submitted,

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth (*pro hac vice*)
Michael Acciavatti (*pro hac vice*)*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
(212) 594-5300
pwedgworth@milberg.com
macciavatti@milberg.com
*\* admitted in Pennsylvania only*

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe St., Ste. 2100
Chicago, IL 60606
(312) 593-3354
gklinger@milberg.com

*Attorneys for Plaintiffs*

7

**CERTIFICATE OF SERVICE**

I, Peggy J. Wedgworth, an attorney, hereby certify that on December 5, 2023, I caused a true and correct copy of the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ENFORCE COURT ORDERS AND COMPEL DEFENDANTS TO PRODUCE ALL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION 1-4** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Peggy J. Wedgworth*
Peggy J. Wedgworth