IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SERIES 17-03-615, a designated series of MSP RECOVERY CLAIMS, SERIES LLC, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>EXPRESS SCRIPTS, INC., *et al.*,<br><br>*Defendants*. | NO. 3:20-CV-50056<br><br>HONORABLE IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

This putative class action, brought by the plaintiffs ("MSP") under federal antitrust statutes and Florida consumer protection statutes, is about an alleged antitrust conspiracy in which the defendants ("Express Scripts"), along with co-conspirator Mallinckrodt, acted anticompetitively to raise the price of Acthar, a drug manufactured by Mallinckrodt. After Express Scripts filed its answer to MSP's fourth amended complaint, MSP filed a motion to strike five of Express Scripts' affirmative defenses. Express Scripts filed an amended answer, but MSP argues that four of the affirmative defenses are still insufficient. Before the Court is MSP's motion to strike those four affirmative defenses. For the following reasons, the motion is granted in part and denied in part.

I.  **Legal Standard**

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v.*

1

*Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Defenses that "are sufficient as a matter of law" or "present questions of law or fact" are generally not stricken; a defense needs to be "insufficient on the face of the pleadings" to be stricken. *Id.*; *see also* Fed. R. Civ. P. 12(f).[1] Although they sometimes remove unnecessary clutter and expedite a case, motions to strike are generally disfavored because they "potentially serve only to delay." *Heller*, 883 F.2d at 1294; *see also Aylin & Ramtin, LLC v. Barnhardt*, No. 19-cv-3402, 2022 U.S. Dist. LEXIS 38755, at *2 (N.D. Ill. Mar. 4, 2022) ("All too often, motions to strike don't speed things up – they slow things down."); *Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2010 U.S. Dist. LEXIS 123106, at *1 ("The reason motions to strike are disfavored is because they are not always a good use of the time it takes to file and rule upon them. Often, that which a party wants stricken is harmless and can easily be ignored.").[2]

**II.     Analysis**

    **A.     Second Affirmative Defense**

Express Scripts' second affirmative defense is a statute of limitations defense. MSP argues that the statute of limitations issue was already decided in MSP's favor

---

[1] The Seventh Circuit has yet to address whether the plausibility standard from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to affirmative defenses, and district courts are split on the issue. *See Consumer Fin. Prot. Bureau v. TransUnion*, No. 22 C 1880, 2023 U.S. Dist. LEXIS 201536, at *7-8 (N.D. Ill. Nov. 9, 2023); *Aylin & Ramtin, LLC v. Barnhardt*, No. 19-cv-3402, 2022 U.S. Dist. LEXIS 38755, at *3-8 (N.D. Ill. Mar. 4, 2022); *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014); *Cottle v. Falcon Holdings Mgmt., LLC*, No. 11-cv-95, at *3-4 (N.D. Ind. Jan. 30, 2012) (collecting cases); *see also* 2 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 8.08 (3d ed. 2024). But the Court need not decide at this time which direction to take because it does not affect the analysis in this opinion.

[2] The Court often finds that when parties offer to "streamline" a case, it results in the opposite, requiring more work by the parties and the Court for little, if any, benefit.

in the order on the motion to dismiss the third amended complaint, and so Express Scripts is precluded from putting forth this affirmative defense now. MSP relies on *Heller*, where the affirmative defenses based on personal jurisdiction and venue were stricken for being restatements of the defendant's prior motion to dismiss or transfer venue. *Heller*, 883 F.2d at 1294-95.

But Express Scripts' second affirmative defense doesn't simply restate the arguments offered in the motion to dismiss the third amended complaint. At that time, Express Scripts argued that MSP's claims were time-barred because they accrued in 2014, more than four years before the third amended complaint was filed in 2022. Dkt. 592 at 15 ("AvMed's alleged purchases of Acthar from Express Scripts in 2014—*i.e.*, 8 years ago—fall outside of the Sherman Act's and FDUTPA's four-year statutes of limitations and therefore must be dismissed."). This Court rejected Express Scripts' argument because the original complaint, which was filed in 2017, had tolled the statute of limitations. *Series 17-03-615 v. Express Scripts, Inc.*, No. 20-cv-50056, 2023 U.S. Dist. LEXIS 130830, at *16-17 (N.D. Ill. July 28, 2023).[3]

In the current iteration of its defense, Express Scripts' statute of limitations argument is that "all antitrust claims relating to payments for Acthar made by members of the putative class on or before October 30, 2013 are time-barred under federal law." Dkt. 727 at 40. That is a different argument. Before, Express Scripts sought to

---

[3] Express Scripts isn't wrong that an untimely claim may survive a motion to dismiss but not summary judgment (after a factual record has been developed). *See, e.g.*, *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008). That doesn't apply in this case, however, because the basis for rejecting the prior statute of limitations defense was not a lack of facts.

dismiss MSP's claims in their entirety; now, Express Scripts contests only the claims (or parts of the claims) that relate to payments before October 30, 2013, but it doesn't challenge the claims to the extent that they relate to payments after that date. The motion to strike the second affirmative defense is denied.

### B. Third Affirmative Defense

Express Scripts' third affirmative defense is that MSP's claims are barred "by the doctrines of estoppel and/or laches because Plaintiffs unreasonably delayed in bringing suit." Dkt. 727 at 40. MSP starts by contesting that Express Scripts fails to separate estoppel and laches. Express Scripts responds that it's not necessary because laches and equitable estoppel are interchangeable. Despite the proclamation from the Seventh Circuit that "laches and equitable estoppel are interchangeable," *Teamsters & Emps. Welfare Tr. v. Gorman Bros. Ready Mix*, 283 F.3d 877, 882 (7th Cir. 2002), district courts still distinguish between the two defenses. *See, e.g.*, *Kelley v. Courtyard Healthcare Ctr., LLC*, No. 21 CV 6594, 2024 U.S. Dist. LEXIS 42107, at *13 n.4 (N.D. Ill. Mar. 11, 2024). But the Seventh Circuit's logic could apply to this case: the behavior that arguably leads to estoppel is the alleged delay in bringing this action. *Teamsters*, 283 F.3d at 882 ("It's the fact that the conduct claimed to create an estoppel consists mainly of delay that gives the defense a laches flavor, since laches means delay.").

If using that logic to view this defense as one of estoppel, however, the defense must be stricken because Express Scripts has failed to allege any detrimental reliance. *See Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 738 & n.5 (N.D. Ill. 1982); *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 786 (N.D. Ill. 2018). Express Scripts

4

alleges that it has been prejudiced by the delayed action, but there is no reliance that can be inferred from what is pleaded. The motion to strike as it relates to the estoppel defense is granted without prejudice.

If viewing this defense as one of laches (and assuming that Express Scripts waived its estoppel defense), it has been sufficiently pleaded. Laches requires two elements: unreasonable delay and resulting prejudice. *Bloomfield v. Chrysler Corp.*, No. 90 C 20129, 1991 U.S. Dist. LEXIS 12203, at *8 (N.D. Ill. Feb. 11, 1991) (citing *Smith v. City of Chicago*, 769 F.2d 408, 410 (7th Cir. 1985)). Express Scripts alleges facts to show an unreasonable delay, but the only nod to resulting prejudice is the sentence "The Express Scripts Entities are prejudiced by this delay." Dkt. 727 at 40-41. Although that alone might not be enough,[4] Express Scripts explains the prejudice includes loss of evidence due to witnesses' loss of memory. Dkt. 754 at 6-7.[5] Witnesses' fading memories can show prejudice for a laches defense, *see, e.g.*, *Smith v. Caterpillar, Inc.*, 338 F.3d 730, 734-35 (7th Cir. 2003), so Express Scripts' laches defense is sufficient at this stage.[6]

---

[4] Express Scripts relies on *Behn v. Kiewit Infrastructure Co.*, No. 17 C 5241, 2018 U.S. Dist. LEXIS 187620 (N.D. Ill. Nov. 2, 2018), to argue that it's enough to simply state there is prejudice. However, *Behn* is distinguishable from this case because the plaintiff didn't attack the sufficiency of the pleading—the court declined to strike the affirmative defense of laches because the plaintiff only argued about the merits of the delay. 2018 U.S. Dist. LEXIS 187620, at *10-11.

[5] This factual explanation appears in Express Scripts' response brief rather than its pleading, but district courts have discretion to interpret new factual allegations presented in response briefs. *See Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 488 (7th Cir. 2023). The fact that some witnesses haven't been able to remember everything isn't inconsistent with Express Scripts' pleadings, so the Court chooses to consider the fact.

[6] MSP also argues that the laches defense should be stricken because Express Scripts has also asserted a statute of limitations defense, so the laches defense is precluded. Dkt. 737 at 6-7. However, as explained above, the statute of limitations defense doesn't apply to the entirety of their claims, so the laches defense is not redundant and therefore not precluded.

## C. Sixth Affirmative Defense

The sixth affirmative defense is that MSP's damages "resulted from the acts or omissions of parties over whom the Express Scripts Entities had no control." Dkt. 727 at 41. MSP first argues that this is not an affirmative defense because it's more accurately characterized as a denial of MSP's allegations. For defenses not listed in Rule 8(c), the Seventh Circuit has instructed that "[a] defense is affirmative (1) 'if the defendant bears the burden of proof' under relevant law or (2) 'if it [does] not controvert the plaintiff's proof.'" *Thirteen Inv. Co. v. Foremost Ins. Co.*, 67 F.4th 389, 391 (7th Cir. 2023) (alteration in original) (quoting *Winforge, Inc. v. Coachmen Indus. Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)). Under either approach, Express Scripts' sixth affirmative defense must be stricken—the burden is still on MSP to show Express Scripts' involvement, or if Express Scripts had to prove the negative, then that would controvert MSP's proof of Express Scripts' involvement.[7]

## D. Seventh Affirmative Defense

Finally, Express Scripts' seventh affirmative defense is that MSP's claims are barred to the extent that any illegal overcharge was "passed on to or absorbed by a third party." Dkt. 727 at 42. This defense fails in the same way the last one did; it's not an affirmative defense.[8] Express Scripts characterizes the potentially limited

---

[7] Express Scripts' examples of district courts that have declined to strike similar defenses did not address the issue of whether the defense was affirmative. *See, e.g.*, *Acuity Optical Lab'ys, Inc. v. Davis Vision, Inc.*, No. 14-3231, 2014 U.S. Dist. LEXIS 160057, at *14 (C.D. Ill. Nov. 13, 2014) (addressing whether the defense gave fair notice); *Tooley v. Wash. Group Int'l, Inc.*, No. 08-1084, 2009 U.S. Dist. LEXIS 123266, at *5-7 (C.D. Ill. Aug. 17, 2009) (addressing whether the defendants needed to provide more information about the other parties they believed responsible).

[8] MSP didn't raise this argument, but the Court may *sua sponte* strike insufficient defenses. Fed. R. Civ. P. 12(f)(1).

6

amount of damages as the actual damages, and the burden of proof is on MSP to show how much in damages they're entitled to; Express Scripts even points out that actual damages is an element of a claim under the Florida Deceptive and Unfair Trade Practices Act. Dkt. 727 at 42. If MSP were to put forth evidence that their actual damages were higher and Express Scripts contested that by showing some (or all) of the overcharge was absorbed by the direct purchasers, then Express Scripts would controvert MSP's proof. This fails both ways in which the Seventh Circuit says a defense can be affirmative. *See Thirteen Inv. Co.*, 67 F.4th at 391. The seventh affirmative defense is stricken.

### III.  Conclusion

MSP's motion to strike is granted in part and denied in part. The third affirmative defense is stricken in part without prejudice. The sixth and seventh affirmative defenses are stricken in their entirety.

Date: April 16, 2024

_____
HONORABLE IAIN D. JOHNSTON
*United States District Judge*